

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| New York Burger I, Inc.,<br>New York Burger II, Inc.,<br>New York Burger Co. LLC,<br>New York Burger Co. Franchising LLC,<br>New York Burger Co. Brands LLC,<br>Madeline Poley, and Spiros Zisimatos,<br><br>         Plaintiffs,<br><br> - against -<br><br>New York Steak & Burger Co Inc.,<br><br>         Defendant. | Case No. 08 CV 01809<br><br>COMPLAINT |

Plaintiffs New York Burger I, Inc., New York Burger II, Inc., New York Burger Co. LLC., New York Burger Co. Franchising LLC, New York Burger Co. Brands LLC, Madeline Poley, and Spiros Zisimatos, by their undersigned counsel, as and for their complaint against defendant New York Steak & Burger Co Inc., allege as follows:

### FIRST CLAIM

1. Jurisdiction of the Court is invoked under 28 U.S.C. §§ 1338 and 1391.

2. This claim arises under and is based upon 15 U.S.C. § 1051 *et seq.* for violation of the trademark laws of the United States of America.

3. Plaintiff New York Burger I, Inc. is a New York corporation with its principal office and place of business in New York, New York. New York Burger I, Inc. is the owner and operator of a restaurant at 303 Park Avenue South, New York, New York named "NEW YORK BURGER CO." (the "Mark"). New York Burger I, Inc. licenses use of the Mark from plaintiff New York Burger Co. LLC.

4.     Plaintiff New York Burger II, Inc. is a New York corporation with its principal office and place of business in New York, New York. New York Burger II, Inc. is the owner and operator of a restaurant at 678 Sixth Avenue, New York, New York also named "NEW YORK BURGER CO." New York Burger II, Inc. likewise licenses use of the Mark from plaintiff New York Burger Co. LLC.

5.     Plaintiff New York Burger Co. LLC is a New York limited liability company with its principal office and place of business located in New York, New York. New York Burger Co. LLC licenses use of the Mark from plaintiff New York Burger Co. Brands LLC.

6.     Plaintiff New York Burger Co. Franchising LLC is a New York limited liability company with its principal office and place of business located in New York, New York. New York Burger Co. Franchising LLC licenses use of the Mark from plaintiff New York Burger Co. Brands LLC.

7.     Plaintiff New York Burger Co. Brands LLC is a New York limited liability company with its principal office and place of business located in New York, New York. New York Burger Co. Brands LLC licenses use of the Mark from plaintiffs Madeline Poley and Spiros Zisimatos. New York Burger Co. Brands LLC licenses use of the Mark to non-party New York Burger Co. Foods LLC as well as to plaintiffs New York Burger Co. LLC and New York Burger Co. Franchising LLC.

8.     Plaintiffs Madeline Poley and Spiros Zisimatos are real persons, residents of the State of New York, and the owners of the Mark, which is registered upon the Principal Register of the United States Patent and Trademark Office, and of the goodwill of the business appertaining to it. The registration of the Mark is valid and subsisting and is uncanceled and unrevoked. A copy of the registration certificate of the Mark is appended as Exhibit A hereto.

Plaintiffs Poley and Zisimatos have given notice to the public of its registration as provided in 15 U.S.C. § 1111 and have given notice in writing to the defendant of its registration.

9. In addition, plaintiffs Poley and Zisimatos are owners, and the entity plaintiffs are licensees in the same manner as described above, of the mark **"NEW YORK BURGER"** (with the Mark, the "Marks"), which is registered on the Supplemental Register of the USPTO and which has acquired secondary meaning. A copy of the registration certificate of the mark "NEW YORK BURGER" is appended as Exhibit B hereto.

10. The plaintiffs use the Marks in commerce in conjunction with the operation of restaurants serving, principally among other things, burgers, and selling at retail specialty sauces and other items. The plaintiffs have used the Marks continuously since June 2004. The plaintiffs intend soon to begin using the Marks in commerce further, through New York Burger Co. Foods LLC and New York Burger Co. Franchising LLC, on branded retail food products to be sold in stores other than "NEW YORK BURGER CO." restaurants and in connection with a franchised "NEW YORK BURGER CO." restaurant business.

11. Plaintiff New York Burger Co. Franchising LLC is authorized to sell franchises in New York State and in other states and is actively marketing its franchised restaurant business in New York State, including New York City.

12. Upon information and belief, defendant New York Steak & Burger Co Inc. is a New York corporation with its principal office and place of business at 189 Franklin Street, New York, New York, also known as 369 Greenwich Street, New York, New York.

13. The plaintiffs have discovered that the defendant intends to open, at its principal place of business, in the same county in which the two "NEW YORK BURGER CO." restaurants are, a competing restaurant named "NEW YORK STEAK & BURGER CO."

3

14. The defendant's intended restaurant location is already decorated with signage containing the term "NEW YORK STEAK & BURGER CO.," including in a stylized graphical manner similar to the logo of the plaintiffs, which includes the Marks, as demonstrated in Exhibit C.

15. As soon as the plaintiffs discovered this, they caused, by counsel, to be delivered by hand, on February 21, 2008, a letter informing the defendant that use of the name "New York Steak & Burger Co." constitutes an infringement upon the plaintiffs' exclusive rights and advising the defendants immediately to cease and desist using that name.

16. The continued unlawful use by the defendant of the name "New York Steak & Burger Co." in providing identical services in the same geographic area as those offered by the plaintiffs will inevitably cause confusion and deception of the trade and the public and will lead the public erroneously to believe that the defendant's services are offered or sponsored by the plaintiffs or with the consent and authority of the plaintiffs. The defendant's use of the name "NEW YORK STEAK & BURGER CO." will cause serious and irreparable injury to the plaintiffs unless restrained.

## SECOND CLAIM

17. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1338 and 1391.

18. This claim arises under and is based upon 15 U.S.C. § 1051 *et seq.* for unfair competition.

19. The plaintiffs repeat and reallege the allegations contained in paragraphs 3 through 16 above, inclusive, as though set forth fully hereat.

20. Inclusion of the term "NEW YORK STEAK & BURGER CO." in its signage and advertising constitutes false and deceptive advertising and is intended by the defendant to obtain and unfair and fraudulent share of the business of the plaintiffs and to foster confusion in the public mind and consequent loss to the plaintiffs.

21. By reasons of the defendant's advertisement and use of the name "NEW YORK STEAK & BURGER CO.," the defendant will be fraudulently diverting to itself and will be fraudulently depriving the plaintiffs of income and profits that the plaintiffs would otherwise make and will damage the reputation and goodwill of the plaintiffs.

22. The defendant's unfair methods of competition and deceptive acts and practices contrary to law, unless restrained, will cause substantial and irreparable injury to the plaintiffs.

**WHEREFORE,** the plaintiffs pray for a judgment:

a. adjudging the defendant's conduct to be an infringement of USPTO Mark Registration No. 3,206,499 and USPTO Mark Registration No. 3,273,082;

b. enjoining and restraining permanently and perpetually the use by the defendant, its agents, and its employees of the term "NEW YORK STEAK & BURGER CO." or any colorable imitation of the marks "NEW YORK BURGER CO." or "NEW YORK BURGER" in association with the advertising or provision of goods or services not authorized by the plaintiffs;

c. awarding the plaintiffs' damages, in an amount to be determined at trial;

d. granting to the plaintiffs the costs of this action;

e. awarding the plaintiffs reasonable attorney's fees; and

    f.       granting to the plaintiffs such other and further relief as the Court shall deem just.

Dated: New York, New York
         February 21, 2008

EINBINDER & DUNN, LLP

By: _____
      Michael Einbinder (ME-3930)
      Matthew David Brozik (MB-6026)
*Counsel for Plaintiffs*
104 West 40th Street
New York, New York 10018
Telephone: (212) 391-9500
Facsimile: (212) 391-9025

EXHIBIT A



## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

***To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date.*** *(See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



*Director of the United States Patent and Trademark Office*

| REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION |
|---|

### Requirements in the First Ten Years*
*What and When to File:*
- First Filing: A Declaration of Continued Use (or Excusable Non-use), filed between the 5th and 6th years after the registration date. (*See* 15 U.S.C. §1058; 37 C.F.R. §2.161.)
- Second Filing: A Declaration of Continued Use (or Excusable Non-use) **and** an Application for Renewal, filed between the 9th and 10th years after the registration date. (*See* 15 U.S.C. §1058 and §1059; 37 C.F.R. §2.161 and 2.183.)

### Requirements in Successive Ten-Year Periods*
*What and When to File:*
- A Declaration of Continued Use (or Excusable Non-use) **and** an Application for Renewal, filed between each 9th and 10th-year period after the date when the first ten-year period ends. (*See* 15 U.S.C. §1058 and §1059; 37 C.F.R. §2.161 and 2.183.)

### Grace Period Filings*
There is a six-month grace period for filing the documents listed above, with payment of an additional fee.

**The U.S. Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements. Therefore, you should contact the USPTO approximately one year prior to the deadlines set forth above to determine the requirements and fees for submission of the required filings.**
NOTE: *Electronic forms for the above documents, as well as information regarding current filing requirements and fees, are available online at the USPTO web site:*

www.uspto.gov

| YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS IDENTIFIED ABOVE DURING THE SPECIFIED TIME PERIODS. |
|---|

*Exception for the Extensions of Protection under the Madrid Protocol: The holder of an international registration with an extension of protection to the United States must file, under slightly different time periods, a Declaration of Continued Use (or Excusable Non-use) at the USPTO. *See* 15 U.S.C. §1141k; 37 C.F.R. §7.36. The renewal of an international registration, however, must be filed at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol. *See* 15 U.S.C. §1141j; 37 C.F.R. §7.41.

Int. Cls.: **35 and 43**

Prior U.S. Cls.: **100, 101, and 102**

## United States Patent and Trademark Office

Reg. No. 3,206,499
Registered Feb. 6, 2007

## SERVICE MARK
### PRINCIPAL REGISTER



POLEY, MADELINE (UNITED STATES INDIVIDUAL)
444 EAST 82ND STREET APARTMENT #19H
NEW YORK, NY 10028 AND
ZISIMATOS, SPIROS (UNITED STATES INDIVIDUAL)
79 ALDERSHOT LANE
MANHASSET, NY 11030

FOR: RETAIL STORE SERVICES FEATURING SPECIALTY SAUCES, SUCH AS BURGER SAUCE, CHIPOTLE-HONEY SAUCE, AND OTHER BRANDED FOOD ITEMS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 6-12-2004; IN COMMERCE 6-12-2004.

FOR: RESTAURANT, CARRY-OUT, AND HOME OR OFFICE-DELIVERY SERVICES FEATURING HAMBURGERS, TURKEY BURGERS, GRILLED CHICKEN, VEGETABLE BURGERS, AND OTHER FOOD ITEMS ON A CHANGING MENU, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 6-12-2004; IN COMMERCE 6-12-2004.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NEW YORK," THE REPRESENTATION OF A HAMBURGER, AND "BURGER CO.", APART FROM THE MARK AS SHOWN.

SN 76-485,505, FILED 1-28-2003.

AMOS T. MATTHEWS, JR., EXAMINING ATTORNEY

EXHIBIT B



## CERTIFICATE OF REGISTRATION
### SUPPLEMENTAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



*Director of the United States Patent and Trademark Office*

# Requirements for Maintaining a Federal Trademark Registration

## SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. §1058, upon the expiration of the following time periods:
    i) At the end of 6 years following the date of registration.
    ii) At the end of each successive 10-year period following the date of registration.

*Failure to file a proper Section 8 Affidavit at the appropriate time will result in the cancellation of the registration.*

## SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. §1059, at the end of each successive 10-year period following the date of registration.

*Failure to file a proper Application for Renewal at the appropriate time will result in the expiration of the registration.*

**No further notice or reminder of these requirements will be sent to the Registrant by the Patent and Trademark Office. It is recommended that the Registrant contact the Patent and Trademark Office approximately one year before the expiration of the time periods shown above to determine the requirements and fees for the filings required to maintain the registration.**

Int. Cl.: 30

Prior U.S. Cl.: 46

Reg. No. 3,273,082

**United States Patent and Trademark Office**    Registered July 31, 2007

## TRADEMARK
### SUPPLEMENTAL REGISTER

# NEW YORK BURGER

NEW YORK BURGER CO. BRANDS LLC (NEW YORK LTD LIAB CO)
C/O MADELINE POLEY
10 HANOVER SQUARE, APT. 20C
NEW YORK, NY 10005

FOR: SAUCES, IN CLASS 30 (U.S. CL. 46).

FIRST USE 5-22-2007; IN COMMERCE 5-22-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-948,463, FILED P.R. 8-9-2006; AM. S.R. 6-13-2007.

INGA ERVIN, EXAMINING ATTORNEY

EXHIBIT C



